**UNITED STATES of America**

v.

**Steven A. VONEIDA, Appellant.**

**No. 08–4032.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 10, 2009.

Opinion filed: July 15, 2009.

Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Frederick W. Ulrich, Esq., Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before: SLOVITER, AMBRO, and JORDAN, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

A jury convicted Steven Voneida of one count of transmitting a threatening communication, in violation of 18 U.S.C. § 875(c). The District Court sentenced him to 19 months' imprisonment. Voneida appeals his conviction, challenging the sufficiency of the evidence.[1] He argues that under § 875(c) his statements were not "threats," were never transmitted to anyone, and there was "no imminent prospect of execution." Instead, he contends, they were more akin to "a college student's unfledged attempt at counterculture humor." He also argues that he was unduly prejudiced by the Government's reference to the Virginia Tech shootings, which "poisoned" the jury's mind. Voneida's arguments are unsuccessful and thus we affirm his jury verdict.

## I.

In reviewing a jury verdict for sufficiency of the evidence, we view the evidence in the light most favorable to the Government, and will affirm a conviction if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See United States v. Jenkins, 90 F.3d 814, 817 (3d Cir.1996). Preliminarily, we note that this claim proceeds under a plain error standard of review because it was not preserved before the District Court by a motion at trial or post-trial under Federal Rule of Criminal Procedure 29(a) or (c). See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (plain error requires an "error" that is "plain" and affects "substantial rights"). "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" United States v. Thayer, 201 F.3d 214, 219 (3d Cir.1999) (quoting United States v. Barel, 939 F.2d 26, 37 (3d Cir.1991)). To the extent that Voneida's argument raises an issue of statutory interpretation, we will exercise plenary review. See id.

18 U.S.C. § 875(c) criminalizes the "transmi[ssion] in interstate or foreign commerce [of] any communication containing any threat to kidnap any person or any threat to injure the person of another." To prove a violation under this statute, the Government must prove that the defendant "acted knowingly and willfully" in making the threatening communication and that the communication was "reasonably perceived as threatening bodily injury." See United States v. Himelwright, 42 F.3d 777, 782 (3d Cir.1994).

---

1. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

■ Here, there is sufficient evidence to support Voneida's conviction.[2] Two days after the tragic shootings at Virginia Tech, Voneida, a student at the Harrisburg campus of Penn State University, posted several statements and pictures to different parts of his internet MySpace page that were the subject of his conviction.[3] These statements and pictures included: "Someday: I'll make the Virginia Tech incident look like a trip to an amusement park"[4]; "the weary violent types who are sick of self-righteous, lecherous, arrogant, and debauched attitudes displayed by [A]merican youth would band together with me for a day, and allow everyone at schools and universities across the nation to reap the bitter fruit of the seeds that they have been sowing for so long"[5]; expressed "shock[]" that after the Virginia Tech shootings his classmates "were actually surprised that there are people out there who would shoot them if given the opportunity"[6]; "lost my respect for[] the sanctity of human life"; captioned a posting "Virginia Tech Massacre—They got what they deserved," where he noted his current mood was "extatically [sic] happy," and included a poem dedicated to the Virginia Tech shooter that concluded that the shooter's "undaunted and unquenched" wrath would "sweep across the land"; and a picture of the bloodied Virginia Tech shooter holding two guns superimposed on a cross with the words "martyr," "massacre," "enrage," and "recompense."

Students at Voneida's university and elsewhere who were MySpace users or on his "buddy" list had access to his page. A student at Indiana University of Pennsylvania, who had been involved in a textbook exchange with Voneida, saw his MySpace page and received a notification of a new posting to the bulletin board of his page through his "buddy" list. She and another student read the above-mentioned statements on the internet and called the police. They both testified that they viewed these statements to be a threat and that they were "scared for the people, the school he attended."

While some of the statements, taken in isolation, may not rise to the level of a threat within the meaning of § 875(c), that was not the context of the case here. A rational jury could reasonably construe the statements that were made only two days after the Virginia Tech shootings, specifically the comment about making Virginia Tech look like "a trip to an amusement park," as a serious intention to inflict bodily harm. *See United States v. Alaboud*, 347 F.3d 1293, 1296 (11th Cir.2003) ("A communication is a threat when in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor.") (internal quotations and citation omitted) (alteration in original). Indeed, the two Indiana University of Pennsylvania students testified that they viewed the statements as threatening.[7]

2. Because we write solely for the parties, we are not providing a detailed recitation of the facts.

3. The shootings occurred on April 16, 2007, and Voneida posted his MySpace statements on April 18 and 19, 2007.

4. This statement was in response to a survey sent to Voneida. The survey started a sentence with a word or phrase, such as "someday," and left it to the user to complete the phrase. When Voneida completed the survey, he posted it to his MySpace bulletin board.

5. This statement was in response to the same survey that began with the phrase "I wish."

6. This was also part of the survey that began with phrase "today I."

7. We note that though this evidence is highly relevant, it is not dispositive because the test for determining a "threat" is an objective one.

■ Voneida's argument that the statements were never transmitted because his postings were more like a hand-written diary also fails. Section 875(c) requires that the communication be transmitted in interstate commerce. For other MySpace users to view the statements posted to various parts of Voneida's MySpace page, the postings had to pass through the main internet server, located in California. Further, the "amusement park" statement and others were posted to Voneida's MySpace "bulletin board," which was set to send out update notices to members of his "buddy" list when he added new information. And, those with access to Voneida's MySpace page could respond to his statements by posting their own comments on his page. Given these facts, we conclude that a rational jury could have determined that the offending statements met this element of the statute.

■ Contrary to Voneida's final argument, there is no requirement in the statute of proof of imminency to make a threat real. In proving that Voneida's statements were threats, the Government "bore no burden of proving that [Voneida] intended his [statements] to be threatening or that he had an ability at the time to carry out the threats." *Himelwright*, 42 F.3d at 782. Voneida cites to *Malik*, 16 F.3d 45, 51 (2d Cir.1994), in support, but the facts of that case belie his argument. The Court affirmed Malik's conviction under § 876 (mailing a threatening communication) for writing two letters, while incarcerated, that threatened violence against his adversaries in civil lawsuits, against judges that dismissed his appeals, and robbery of unnamed Jewish persons following his release from prison. *Id.* at 47–48, 50

(rejecting the argument that the statements were only "hyperbolic or rhetorical expressions of anger or discontent protected under the First Amendment"). The *Malik* Court concluded that "existence ... of a 'true threat' is a question generally best left to a jury." *Id.* at 51. We believe that a rational jury could have concluded that Voneida's statements were threats and not protected speech.

## II.

■ Voneida's second argument, that the jury's mind was unfairly tainted by the prosecutor's "rhetoric," relates to the Government's opening statement at trial that "the evidence really begins on April 16, 2007. On that date, a Virginia Tech student ... shot and killed and wounded numerous students and faculty members on that campus." (App. 56.) Voneida also claims that reading his MySpace statements to the jury and informing them that the postings occurred a few days after the Virginia Tech shootings was unfair. He provides no legal support for his argument and no indication that he objected to the Government's arguments before the District Court. Thus, we proceed under plain error review.

We take Voneida's claim to be a request for a new trial, although he did not explicitly characterize it as such. Insofar as this argument could be viewed as an evidentiary challenge under Rule 403 of the Federal Rules of Evidence—that the probative value is outweighed by its prejudicial effect—we disagree. The subject of the charge against Voneida was his statements concerning Virginia Tech. Thus, although they are undoubtedly prejudicial, they are not unduly so. Furthermore, including the

---

*See United States v. Malik*, 16 F.3d 45, 49 (2d Cir.1994); *see also United States v. Aman*, 31 F.3d 550, 553 (7th Cir.1994) ("[Guilt] is not dependent upon what the defendant intended,

but whether the recipient could reasonably have regarded the defendant's statement as a threat.") (internal quotations and citation omitted).

fact that the statements were made a few days after the shootings provided the jury with important context to determine whether the statements constituted a violation of § 875(c). *See, e.g., United States v. Cox,* 957 F.2d 264, 267 (6th Cir.1992) (rejecting an evidentiary challenge because the circumstances surrounding the threatening calls were relevant to a § 875(c) charge); *Malik,* 16 F.3d at 50 (explaining that the circumstances of the communication matter). Thus, this contextual information also was not unduly prejudicial.

Voneida also appears to argue that the Government's opening statement deprived him of a fair trial. Any claim of prosecutorial misconduct must be viewed "in context" "against the entire record." *United States v. Young,* 470 U.S. 1, 16–17, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (determining no plain error where defense attorney did not object to prosecutor's rebuttal argument giving his personal opinion as to guilt of defendant). This argument fails because the Government's reference to Virginia Tech related to the circumstances surrounding Voneida's statements that were presented as part of the evidence at trial. Moreover, as we concluded above, the evidence was sufficient to support the jury's guilty verdict; hence the Government's statement could not have affected substantial rights.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Accordingly, we affirm Voneida's conviction under 18 U.S.C. § 875(c).