**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3671
_____

STEVEN A. VONEIDA,

Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA;
JOHN JOHNSON, U.S. Probation Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-01911)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, Circuit Judges

(Opinion filed: June 20, 2018)
_____

OPINION[*]
_____


PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Voneida appeals the District Court's orders dismissing his petition filed pursuant to 28 U.S.C. § 2241 and denying his motion for reconsideration. For the reasons below, we will vacate the District Court's judgment and remand the matter for further proceedings.

The procedural history of this case and the details of Voneida's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. Briefly, in 2008, Voneida was convicted of transmitting a threatening communication in violation of 18 U.S.C. § 875(c). We affirmed his conviction and sentence on appeal. United States v. Voneida, 337 F. App'x 246 (3d Cir. July 15, 2009). He then filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied, as well as a subsequent § 2255 motion, which was dismissed as second or successive.

In October 2015, Voneida filed a petition pursuant to 28 U.S.C. § 2241, arguing that the Supreme Court's decision in Elonis v. United States, 135 S. Ct. 2001 (2015), rendered his conduct not criminal. The District Court concluded that Voneida had not shown that § 2255 was inadequate or ineffective to test the legality of his sentence and dismissed the § 2241 petition for lack of jurisdiction. After the District Court denied Voneida's motion for reconsideration, Voneida filed a notice of appeal. The parties were requested to address four issues in their briefs: (1) whether Voneida may bring his claim in a petition filed pursuant to 28 U.S.C. § 2241; (2) whether the evidence supports a claim of actual innocence such that a remand is necessary; (3) whether Voneida admits to posting the statements at issue; and (4) if not, whether he is precluded from challenging

2

that he intended or knew that the posts would be viewed as threats.[1]  We turn now to the first of these issues.[2]

      <u>Whether Voneida may proceed under 28 U.S.C. § 2241</u>

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions.  <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002).  Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a §2255 motion would be "inadequate or ineffective."  <u>Id.</u>  We have held that a defendant may proceed via a § 2241 petition if a subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim.  <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 180 (3d Cir. 2017); <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).  As noted above, Voneida argues that the Supreme Court's statutory interpretation of § 875(c) in <u>Elonis</u> renders his conduct not criminal.

In <u>Elonis</u>, the Supreme Court addressed the mental state the Government was required to prove to obtain a conviction under § 875(c).  A person violates § 875(c) when he "transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another."  18 U.S.C. § 875(c).  The District Court in <u>Elonis</u> had rejected his request that the jury be required to find that

---

[1] Because the District Court dismissed the petition without ordering an answer, the Government has not filed an appearance in the appeal.  In the Clerk's March 20, 2017 order lifting the stay, the attorney representing the Government in Voneida's criminal case was invited to respond.  The Government has not filed an appearance in the appeal.
[2] Because Voneida admits in his brief that he authored the postings at issue, we need not address the third and fourth issues in the briefing order.

3

he intended the communications at issue to be threats. Elonis, 135 S. Ct. at 2007. The jury was instructed that the Government needed to prove only that the communications would be regarded by a reasonable person as threats.[3] Id. at 2012. The Supreme Court rejected this "negligence" standard and concluded that "the mental state requirement in Section 875(c) is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." Id. The Supreme Court declined to address whether a mental state of recklessness would be sufficient. Id. at 2012-13.[4]

Elonis effected an intervening change in substantive law which may render Voneida's conduct no longer criminal. Because he had no earlier opportunity to raise the claim, Voneida may raise it via a § 2241 petition. See United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013); In re Dorsainvil, 119 F.3d at 251. To support his claim of actual innocence, Voneida must establish that it is more likely than not that no reasonable juror would have convicted him. See Bousley v. United States, 523 U.S. 614, 623-24 (1998); see also Tyler, 732 F.3d at 246 (Bousley standard applies to innocence claims brought under § 2241). Thus, we turn to whether the evidence supports a claim of actual

---

[3] Voneida's jury instructions were similar. His jury was told that: "[t]he Government is not required to prove, one, that Steven Voneida or anyone else actually intended to carry out the threat. They do not have to prove that Voneida had a subjective intent to instill fear. They do not have to prove that Voneida knew his act was against the law."

[4] This appeal was initially stayed pending our decision in Elonis on remand from the Supreme Court. On remand, we concluded that the erroneous jury instruction in Elonis was harmless error. United States v. Elonis, 841 F.3d 589, 592 (3d Cir. 2016) cert. denied, No. 16-1231, 2017 WL 1365652 (U.S. Oct. 2, 2017).

innocence such that a remand is necessary to allow Voneida to establish his claim.  Tyler,

732 F.3d at 250.

Whether Voneida's claim of actual innocence requires a remand

Based on the law at the time, the prosecution during Voneida's trial focused on the

statements made,[5] proof that Voneida made them, and their effect on witnesses who saw

the postings.[6]  Evidence of Voneida's intent was considered irrelevant.  Because the

District Court dismissed the § 2241 petition for lack of jurisdiction and without ordering

an answer, the record has not been developed on the issue of Voneida's actual innocence

---

[5] In our opinion addressing Voneida's direct appeal, we described the internet postings at issue:

> Two days after the tragic shootings at Virginia Tech, Voneida, a student at
> the Harrisburg campus of Penn State University, posted several statements
> and pictures to different parts of his internet MySpace page that were the
> subject of his conviction. These statements and pictures included:
> "Someday: I'll make the Virginia Tech incident look like a trip to an
> amusement park"; "the weary violent types who are sick of self-righteous,
> lecherous, arrogant, and debauched attitudes displayed by [A]merican
> youth would band together with me for a day, and allow everyone at
> schools and universities across the nation to reap the bitter fruit of the seeds
> that they have been sowing for so long"; expressed "shock [ ]" that after the
> Virginia Tech shootings his classmates "were actually surprised that there
> are people out there who would shoot them if given the opportunity"; "lost
> my respect for[ ] the sanctity of human life"; captioned a posting "Virginia
> Tech Massacre—They got what they deserved," where he noted his current
> mood was "extatically [sic] happy," and included a poem dedicated to the
> Virginia Tech shooter that concluded that the shooter's "undaunted and
> unquenched" wrath would "sweep across the land"; and a picture of the
> bloodied Virginia Tech shooter holding two guns superimposed on a cross
> with the words "martyr," "massacre," "enrage," and "recompense."

Voneida, 337 F. App'x at 248 (footnotes omitted).

[6] In his brief, Voneida argues that the audience for his postings was made up of his close friends who did not take the postings as threats.  He offers three witnesses who would testify that they did not perceive the postings as a genuine threat.

5

and a remand is required for further proceedings. We note that the District Court is not limited to the existing record but should consider "all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." Bruce, 868 F.3d at 184 (quoting Schulp v. Delo, 513 U.S. 298, 327-28 (1995)). We leave it to the District Court to decide in the first instance, if necessary, whether a mens rea of recklessness would satisfy the mental state requirement in Section 875(c).[7]

For the above reasons, we will vacate the District Court's judgment and remand the matter for further proceedings. Voneida's motion for summary reversal is denied.

---

[7] In Elonis, we declined to address whether a mens rea of recklessness would satisfy the mental state requirement in Section 875(c). Elonis, 841 F.3d at 598.