NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3287
_____

UNITED STATES OF AMERICA

v.

LASSISSI AFOLABI,
a/k/a Bogard, a/k/a Fovi

Lassissi Afolabi,
                                        Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(Crim. No. 2:07-cr-00785-002)
District Judge:  Honorable Jose L. Linares
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 6, 2011

BEFORE: McKEE, *Chief Judge*, and FUENTES and GREENBERG, *Circuit Judges*

(Opinion Filed: December 16, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge.*

Lassissi Afolabi appeals from the criminal judgment entered by the United States

District Court for the District of New Jersey.  He argues that the government breached its

plea agreement with him and that the District Court improperly calculated his advisory Sentencing Guidelines offense level. For the reasons set forth below, we affirm.[1]

## I.

Because we write for the parties, we discuss the facts only to the extent necessary for the resolution of the issues raised on appeal. From October 2002 through September 2007, Afolabi conspired with his wife, Akouavi Afolabi, and others to commit forced labor of more than 20 girls, aged 10 to 19. They recruited the girls from impoverished villages in Togo and Ghana and brought them to the United States with fraudulently obtained visas. The girls were required to work in hair-braiding salons for up to 14 hours per day, six or seven days a week, and to relinquish all of their earnings. They were beaten and psychologically and sexually abused.

Pursuant to a plea agreement, Afolabi pled guilty to one count of Conspiracy to Commit Forced Labor, Conspiracy to Commit Trafficking with Respect to Forced Labor, and Conspiracy to Commit Document Servitude, in violation of 18 U.S.C. § 371; one count of aggravated sexual abuse, in violation of 18 U.S.C. § 1589; and one count of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(b). The parties agreed that Afolabi's total Sentencing Guidelines offense level was 32, after including a "downward adjustment of 2 levels for acceptance of responsibility . . . if Lassissi Afolabi's acceptance of responsibility continues through the date of sentencing." (SA22). The plea agreement further recognized that Afolabi's

---

[1] We have jurisdiction over Afolabi's timely appeal pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.

sentence was within the sole discretion of the District Judge and that the government was not bound by any stipulation to which it received credible contrary evidence prior to sentencing.

After signing the plea agreement and admitting to his culpable conduct, Afolabi testified as a defense witness at the trial of his wife and co-defendant, Akouavi Afolabi. On direct examination, Afolabi contradicted certain admissions in his plea colloquy, denying that his victims were forced to work or to turn over their tips. Although Afolabi recanted these statements on cross examination, the government took the position that Afolabi's testimony demonstrated that his acceptance of responsibility had not continued through his sentencing date.

At a sentencing hearing on July 12, 2010, the District Court noted that the parties' stipulated calculation of Afolabi's Guidelines offense level "differ[ed] severely" from the probation department's calculations in its presentence report, which had arrived at a total offense level of 46. (A32). The Court therefore asked each party to speak on the matter. The government supported the plea agreement's calculation with the exception of its downward adjustment for Afolabi's acceptance of responsibility. Afolabi agreed with the government except to the extent that the government had argued that he should no longer receive the benefit of his acceptance of responsibility. Ultimately, however, the Court concluded the parties' calculation was "flawed." (A48). By the Court's calculation— which continued to give Afolabi the benefit of his acceptance of responsibility— Afolabi's total offense level was 40. At a second hearing on July 22, 2010, the Court revised its calculation to 38 "in an exercise of caution" and in light of both parties'

3

arguments that a 2-level increase, applicable where a sexual abuse victim was in the "custody, care, or supervisory control of the defendant," U.S.S.G. § 2A3.1(b)(3), should not apply unless the victim were a minor. (A23). Afolabi was sentenced within this Guidelines range to 292 months' imprisonment.

## II.

On appeal, Afolabi argues that the government breached its plea agreement with him by "rais[ing] issue with the [C]ourt about the calculation of the appropriate base level in the first of the sentencing hearings." (Appellant's Br. at 2). Because Afolabi did not raise this objection before the District Court, our review is for plain error. *See Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009), *abrogating United States v. Rivera,* 357 F.3d 290, 293-94 (3d Cir. 2004). Under plain error review, a defendant may prevail only if (1) there was an error that was (2) clear and (3) affected his substantial rights. *Id.* If these three requirements are met, the Court of Appeals has discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations and alterations omitted).

Upon review of the transcript, we conclude that there was no plain error. At the first sentencing hearing, the government argued that the Guidelines calculation stipulated in the plea agreement was accurate with the exception of the downward adjustment for acceptance of responsibility. The government was entitled to contest this adjustment because of Afolabi's trial testimony and the terms of the plea agreement. In any event, the government's position was not adopted by the District Court. Although the government also conceded, in response to the Court's questioning, that alternative

4

calculations were also supportable under the Guidelines, the government maintained that the parties' calculations in the plea agreement were most appropriate. After the government spoke, defense counsel represented that that "the defendant agrees with the [g]overnment's calculation. . . . The only thing that we disagree on is whether or not there was obstruction or acceptance . . . ." (A45).

**III.**

Afolabi also argues that the District Court made a procedural error in calculating his advisory Guidelines offense level. We review the District Court's calculation of the Guidelines range for abuse of discretion. *United States v. Fumo*, --- F.3d ----, 2011 WL 3672774, at *16 (3d Cir. Aug. 23, 2011), *as amended* (Sept. 15, 2011) (citing *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc)). "For example, an abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id.* (quoting *Tomko*, 562 F.3d at 567-68).

At the July 22, 2010 hearing, the Court explained how it had reached an offense level of 38. The Court applied U.S.S.G. § 2H4.1, which carries a base offense level of 22, to the group of Afolabi's forced labor and sexual abuse convictions. Under § 2H4.1(b)(4), which deals with situations where there was another felony committed during the commission or in connection with the forced labor, the Court compared the calculation for forced labor with the calculation for criminal sexual abuse. The Court determined that Afolabi's base level for sexual abuse was 30 pursuant U.S.S.G. § 2A3.1. To this base, the Court added 4 levels because the conduct involved forced rape, arriving at an offense level of 34. *See* U.S.S.G. § 2A3.1(b)(1). Therefore, the Court added

5

2 levels to arrive at an offense level of 36 for the group under § 2H4.1(b)(4)(B). The Court next added two 2-level enhancements because of the large number of vulnerable victims involved, arriving at a total offense level of 40. U.S.S.G. § 3A1.1(b)(1)-(2). Considering the grouping of the counts and the much lower Guidelines level applicable to Afolabi's conviction for Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, the Court did not include a multiple-count adjustment. Finally, the Court gave Afolabi a 2-level decrease for acceptance of responsibility, over the government's objection, arriving at a final calculation of 38.

Afolabi's argument that the District Court applied the wrong Guidelines section is belied by the record. Afolabi confuses the District Court's calculations under § 2H4.1(b)(4)(B), related to his sexual abuse of the girls he had forced to work, with a calculation of his Guidelines offense level for conviction for Transportation of a Minor with Intent to Engage in Criminal Sexual Activity. Therefore, Afolabi fails to identify any procedural error in the District Court's calculation of his advisory Guidelines offense range.

## IV.

For the foregoing reasons, we affirm Afolabi's sentence.