CLD-298                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1958
_____

LASSISSI AFOLABI,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-08802)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 3, 2020
Before:  JORDAN, KRAUSE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 16, 2020)
_____

OPINION*
_____

PER CURIAM

     Pro se appellant Lassissi Afolabi appeals the District Court's dismissal of his

habeas petition filed pursuant to 28 U.S.C. § 2241.  Because the appeal fails to present a

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Afolabi, a federal prisoner, is currently serving a 292 months' sentence imposed by the United States District Court for the District of New Jersey after pleading guilty to conspiracy to commit forced labor, conspiracy to commit trafficking with respect to forced labor, and conspiracy to commit document servitude in violation of 18 U.S.C. § 371; providing and obtaining forced labor, two counts of which involved aggravated sexual abuse, in violation of 18 U.S.C. §§ 1589, 1590, & 1592; and transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(b). The charges stemmed from a human trafficking scheme he ran with his ex-wife, their son, and others, through which they brought more than 20 West African girls, ages 10-19, from Togo and Ghana to the United States, and forced them to work in hair-braiding salons for up to 14 hours a day, six or seven days a week. We affirmed Afolabi's judgment of sentence on direct appeal. See United States v. Afolabi, 455 F. App'x 184 (3d Cir. 2011).

In 2013, Afolabi filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he claimed that his counsel provided ineffective assistance for, inter alia, failing to adequately investigate his defense, causing him to plead guilty to charges despite his innocence. The District Court denied the § 2255 motion on the merits, and we declined to issue a certificate of appealability. See C.A. No. 16-1983.

---

constitute binding precedent.

While he was in custody in Fort Dix, New Jersey, Afolabi filed the instant § 2241 petition challenging his conviction and sentence on various grounds, including that his counsel's erroneous advice caused him to plead guilty despite his innocence. The District Court dismissed the petition for lack of jurisdiction, and this appeal ensued.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Generally, the execution or carrying out of an initially valid confinement is the purview of a § 2241 proceeding, as attacks on the validity of a conviction or sentence must be asserted under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Afolabi may not pursue a collateral attack on his conviction and sentence by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under this "safety valve" provision, a prior unsuccessful § 2255 motion or the inability to meet the statute's stringent gatekeeping requirements does not render § 2255 inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the exception is narrow, limited to extraordinary circumstances such as where the petitioner "had no earlier opportunity" to present his claims and has been convicted for conduct which is no longer deemed criminal. Id.

This is clearly not a situation in which Afolabi "had no earlier opportunity to challenge his conviction." Id. Indeed, he challenged the validity of his guilty plea on direct appeal and in § 2255 proceedings on the same, or substantively similar, bases. Afolabi reasons that he should be allowed to seek relief under § 2241's "saving[s] clause" because he is actually innocent of the charges against him. Specifically, he maintains that he "had no sex with S.X." and "she was older than 16" at the time of the alleged offense. As the District Court explained, Afolabi's admissions at the plea hearing belie his claim of innocence, and, in any event, his actual innocence claim does not come within the scope of the savings clause. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (noting that access to § 2241 is limited to actual innocence claims based "on the theory that [the defendant] is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision") (internal quotation marks omitted)). The thrust of Afolabi's other innocence argument is that the Government and the District Court are wrongly interpreting the statute under which he was convicted, not that the Supreme Court has construed or interpreted it differently. Cf. Dorsainvil, 119 F.3d at 247, 251 (holding that petitioner could resort to § 2241 to pursue his claim where the Supreme Court's decision interpreting 18 U.S.C. § 924(c)(1) rendered his conviction invalid). We also agree, for the reasons provided by the District Court, that Afolabi may not pursue, in a § 2241 petition, his claim that his sentence is unconstitutional because he was not convicted of a crime of violence. See also Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) ("unlike the change in

4

substantive law leading to the exception in <u>Dorsainvil</u>, issues that might arise regarding sentencing did not make § 2255 inadequate or ineffective").

For the foregoing reasons, the District Court correctly ruled that it lacked jurisdiction to entertain the § 2241 petition. Accordingly, because no "substantial question" is presented as to the petition's dismissal, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Appellant's motion for appointment of counsel is denied.