CLD-105                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1174
_____

LASSISSI AFOLABI,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-05633)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 11, 2024

Before: KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: May 16, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Lassissi Afolabi appeals pro se from the District Court's decision dismissing his second 28 U.S.C. § 2241 case for lack of jurisdiction. For the reasons that follow, we will summarily affirm that judgment.

I.

In 2010, the District Court sentenced Afolabi to 292 months in prison for various offenses. After we affirmed that judgment, see United States v. Afolabi, 455 F. App'x 184, 187 (3d Cir. 2011), he moved the District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied that motion on the merits, and we denied a certificate of appealability ("COA"). See C.A. No. 16-1983. Next, while Afolabi was incarcerated at Fort Dix FCI in New Jersey, he filed his first § 2241 petition, collaterally attacking his conviction and sentence. The District Court dismissed that petition for lack of jurisdiction, and we summarily affirmed that judgment. See Afolabi v. Warden Fort Dix FCI, 821 F. App'x 72, 74 (3d Cir. 2020) (per curiam). Later, Afolabi applied for permission to file a second or successive § 2255 motion, but we denied that application. See C.A. No. 21-3203.

Undeterred, in 2022 (when, again, Afolabi was incarcerated at Fort Dix FCI), he brought a second § 2241 case in the District Court. On January 11, 2024, the District Court dismissed that case for lack of jurisdiction. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may take summary action if this appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the legality of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may instead proceed under § 2241 only if he demonstrates that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). While Afolabi's second § 2241 case was pending before the District Court, the Supreme Court clarified that a § 2255 motion is "inadequate or ineffective" under § 2255(e) only (1) "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," or (2) where the litigant is asserting a "challenge[] to detention other than [a] collateral attack[] on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

We agree with the District Court that Afolabi's second § 2241 case was subject to dismissal for lack of jurisdiction, for neither of the two situations described in Jones is present in his case. See Voneida v. Johnson, 88 F.4th 233, 239 (3d Cir. 2023)

[1] Afolabi does not need to obtain a COA to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

3

(remanding with instructions to dismiss § 2241 petition for lack of jurisdiction in view of Jones).[2] Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[3] Afolabi's motion for appointment of counsel is denied, as the "interests of justice" do not require counsel appointment in this appeal. See 18 U.S.C. § 3006A(a)(2).

---

[2] In dismissing Afolabi's second § 2241 case, the District Court declined to exercise its discretion under 28 U.S.C. § 1631 to transfer the matter to our Court for treatment as another application for leave to file a second or successive § 2255 motion. That was not an abuse of discretion, especially since Afolabi's second § 2241 case raises the same claims that undergirded his application that we denied in C.A. No. 21-3203.

[3] We have considered Afolabi's various arguments in support of this appeal and conclude that none has merit.