**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0611n.06
Filed: October 10, 2008

**Nos. 07-5730, 07-5773**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JASON GRANT JONES, | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| Defendant-Appellants. | ) | |

**BEFORE:** **KENNEDY, SUTTON and McKEAGUE, Circuit Judges.**

**PER CURIAM.** Defendant Jason Grant Jones pleaded guilty to possessing with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a prison term of 240 months. Pursuant to the plea agreement, defendant preserved his right to appeal the district court's denial of his motion to suppress evidence seized at the time of his arrest.

Defendant moved to suppress methamphetamine seized during a traffic stop (for speeding), contending the sheriff's deputy who pulled over the car in which he was a passenger improperly prolonged the detention without reasonable suspicion. After conducting an evidentiary hearing, which included viewing of a videotape recording of the traffic stop, the district court issued a 14-page opinion denying the motion. The court concluded that the traffic stop had not been

impermissibly extended, that the sheriff's deputy had not finished writing the warning citation before circumstances came to light that justified further inquiry, that these circumstances created reasonable suspicion, and that a dog sniff inspection of the exterior of the car was not an unreasonable intrusion. On appeal, defendant insists the purpose of the traffic stop had been completed and the circumstances that came to light afterward did not give rise to reasonable suspicion.

The district court's opinion is explicit and well-reasoned. Defendant's appellate arguments fail to identify any error of fact or law. Specifically, we find no clear error in the court's finding that the purpose of the traffic stop had not been completed before the dog sniff inspection occurred. The record is undisputed that the sheriff's deputy was in the process of writing a warning citation to the driver of the car, defendant's wife, but did not sign and issue it. He had advised her that he would issue a warning citation if a records check of her license revealed no outstanding warrant or criminal history. The deputy had not yet received a response from dispatch when defendant's wife refused consent to search the car, telling him he could "look through the vehicle but not search it." On receiving this "unusual" response, the deputy questioned defendant. When asked where they had been traveling, defendant gave an answer inconsistent with his wife's. The drug detection dog, already on the scene, was then led around the vehicle and alerted positively for narcotics. Again, at this point, the deputy had not finished writing the warning citation and the license check had not been completed.

From commencement of the stop until this point, only nine minutes had passed, during which the deputy's actions were reasonably related to the purpose of the stop. *See United States v. Hill*, 195 F.3d 258, 269-70 (6th Cir. 1999) (holding that twelve-minute detention, during which officer

ran license check  and asked questions related to motorist's purposes for traveling, was reasonably related to legitimate scope of traffic stop for speeding).  Nothing in the record suggests that the deputy unreasonably prolonged the traffic stop.  Considering the undisputed facts, the district court correctly held that the dog sniff inspection was conducted during a lawful traffic stop, did not implicate legitimate privacy interests, and was not an unreasonable search.  *See Illinois v. Caballes*, 543 U.S. 405, 409 (2005) (one officer's walking drug detection dog around vehicle as second officer wrote warning ticket held not to have unreasonably prolonged ten-minute traffic stop).[1]

Accordingly, the district court's denial of the motion to suppress is **AFFIRMED**.

---

[1]Because we agree with the district court that the dog sniff inspection was conducted during the course of a valid traffic stop, it is unnecessary to evaluate the alternative rationale for the denial of the motion to suppress, i.e., that the circumstances gave rise to a reasonable suspicion of criminal activity at the time the dog sniff inspection was conducted.