**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6029**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

KENNETH ROSHAUN REID,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:04-cr-00353-CMC-1; 0:09-cv-70126-CMC)

Submitted:  February 23, 2017   Decided:  February 28, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Kenneth Roshaun Reid, Appellant Pro Se.  Beth Drake, Acting United States Attorney, Jimmie Ewing, William Kenneth Witherspoon, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Roshaun Reid seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on September 17, 2010. The notice of appeal was filed on January 6, 2017.* Because Reid failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

---

* For the purpose of this appeal, we assume that the date appearing on the envelope containing the undated notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

in the materials before this court and argument would not aid the decisional process.

DISMISSED