In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-2182

SAMUEL HOGSETT,

*Petitioner-Appellant,*

*v.*

THOMAS LILLARD,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 21-cv-1085 — **Stephen P. McGlynn**, *Judge.*

ARGUED DECEMBER 6, 2022 — DECIDED JULY 7, 2023

Before ROVNER, HAMILTON, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* In 2007, a jury convicted Samuel Hogsett of three federal crimes, including being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The sentencing court found that Hogsett was an armed career criminal because he had three prior convictions for violent felonies. As a result, he faced a 15-year mandatory minimum sentence on his § 922(g) conviction instead of the then-applicable 10-year maximum. *See* 18 U.S.C. § 924(a)(2), (e)(1) (2006). The court

sentenced him to 295 months' imprisonment on that count. In 2021, long after Hogsett's convictions became final, the Supreme Court interpreted "violent felony" in § 924(e) to exclude crimes that can be committed with a mens rea of recklessness. *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021) (plurality opinion). Hogsett thinks one of the convictions supporting his sentencing enhancement could have been committed recklessly, so he asserts that *Borden* establishes that his § 922(g) sentence is above the statutory maximum. Hogsett wants to bring a collateral challenge to that sentence.

To collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022). The problem for Hogsett is that he filed a § 2255 motion in 2010, and a prisoner can only file another § 2255 motion in one of two specific circumstances:

> A second or successive motion must be certified … by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h). Thus, "[i]ntervening Supreme Court statutory interpretation decisions … are outside the ambit of § 2255(h)." *Mangine*, 39 F.4th at 447. Because he did not satisfy the

requirements to file a successive § 2255 motion, Hogsett filed a § 2241 habeas petition instead.

Hogsett argued that he was eligible to file a § 2241 habeas petition under § 2255(e), the "saving clause." Under § 2255(e), "[a]n application for a writ of habeas corpus in behalf of a [federal] prisoner" who previously filed a § 2255 motion "shall not be entertained … unless it … appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Since *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), we have interpreted § 2255(e) to allow a prisoner to seek habeas relief under § 2241 if:

> (1) [his] claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) [he] could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Mangine*, 39 F.4th at 447 (quoting *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). The district court denied Hogsett's § 2241 petition, holding that even if Hogsett's sentence on his § 922(g) conviction was above the statutory maximum, there could be no miscarriage of justice because his total sentence was within the advisory Guidelines range. Hogsett appealed.[*]

While Hogsett's appeal was pending, the Supreme Court decided *Jones v. Hendrix*, holding that § 2255(e) "does not permit a prisoner asserting an intervening change in statutory

---

[*] We thank Alison Guernsey and the Federal Criminal Defense Clinic at the University of Iowa College of Law for representing Hogsett and then-law-student Paige Roff for ably arguing the appeal on his behalf.

interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." 599 U.S. ----, 2023 WL 4110233, at *5 (June 22, 2023). Instead, the saving clause is designed to "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Id.* at *6 (giving examples including the dissolution of the sentencing court). The Court abrogated *Davenport* and its counterparts in other circuits because they were an improper end-run around § 2255(h)'s limitations on filing second or successive motions. *Id.* at *7–8. "The inability of a prisoner with a statutory claim to satisfy" § 2255(h)'s requirements, the Court explained, "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id.* at *9.

The parties agree that *Jones* abrogates *Davenport* and controls this case. Hogsett previously filed a § 2255 motion, and he now wishes to invoke *Borden* to mount a new collateral attack on his sentence. Because *Borden* is a statutory interpretation decision, § 2255(h) does not permit Hogsett to file a successive § 2255 motion, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via § 2255(e). 2023 WL 4110233, at *9. The district court applied *Davenport* and denied Hogsett's § 2241 petition on the merits, but *Jones* holds that federal courts lack jurisdiction to consider habeas petitions filed by federal prisoners in Hogsett's position. *Id.* We therefore vacate the district court's judgment and remand with instructions to dismiss for lack of subject-matter jurisdiction.