PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1264
_____

STEVEN A. VONEIDA,
                                        Appellant

v.

JOHN JOHNSON, U.S. Probation Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1:15-cv-01911
District Judge: Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2023

Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Filed: December 7, 2023)

Edward J. Rymsza, III
Miele & Rymsza
125 East Third Street
Williamsport, PA 17701
        *Counsel for Appellant*

Stephen R. Cerutti, II
Carlo D. Marchioli
Office of United States Attorney
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 N 6th Street, 2nd Floor
P.O. Box 202
Harrisburg, PA 17102

Samuel S. Dalke
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
        *Counsel for Appellees*

_____

OPINION OF THE COURT
_____

2

SMITH, *Circuit Judge*.

Several years after being convicted of transmitting threatening communications in violation of 18 U.S.C. § 875(c) and filing unsuccessful motions for relief under 28 U.S.C. § 2255, Steven Voneida filed a petition under 28 U.S.C. § 2241 asserting that 28 U.S.C. § 2255 was inadequate to address the issue of whether the Supreme Court's decision in *Elonis v. United States*, 575 U.S. 723 (2015), effected an intervening change in law that rendered his conduct no longer criminal. The District Court initially concluded that Voneida's claim could not proceed under § 2241, but this Court reversed. On remand, the District Court rejected Voneida's claim on the merits. Voneida appealed.

During the pendency of Voneida's appeal, the Supreme Court decided *Jones v. Hendrix*, 143 S. Ct. 1857 (2023), which established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 "inadequate or ineffective" such that a prisoner must pursue a remedy under § 2241. 143 S. Ct. at 1863. We write precedentially to acknowledge that *Jones* abrogates our precedent in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). As a consequence of the holding in *Jones*, Voneida has no recourse under § 2241. We will therefore vacate the District Court's Order and remand with instructions to dismiss for lack of subject-matter jurisdiction. *See Hogsett v. Lillard*, 72 F.4th 819, 821–22 (7th Cir. 2023).

3

## I. Background

In 2008, Voneida was convicted of transmitting threatening communications in violation of 18 U.S.C. § 875(c). The threats in question are a series of MySpace posts that Voneida made in 2007, shortly after the highly publicized mass shooting at Virginia Tech. Voneida, who was a college student at the time, expressed admiration for the Virginia Tech shooter and stated his "wish" that other "weary violent types" would "band together with" him and "allow everyone at schools and universities across the nation to reap the bitter fruit of the seeds that they have been sowing for so long." App. 118–19.

At trial, the jury was instructed to disregard Voneida's subjective knowledge or intent and to find him guilty if they decided that "a reasonable person would interpret his statement as a true threat." App. 19. The jury convicted Voneida as charged, and we affirmed. *United States v. Voneida*, 337 F. App'x 246 (3d Cir. 2009) ("*Voneida I*"). Voneida filed several motions to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, all of which were unsuccessful.

In October 2015, Voneida filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that *Elonis*—which abrogated this Court's precedent that negligence was sufficient to support a conviction under § 875(c)—rendered his conduct non-criminal.

The District Court initially determined that it lacked jurisdiction over Voneida's § 2241 petition because he had not shown that § 2255 was inadequate or ineffective to test the

4

legality of his sentence, and so it dismissed the petition. We vacated and remanded, noting that "a defendant may proceed via a § 2241 petition if a subsequent statutory interpretation renders the defendant's conduct no longer criminal and he did not have an earlier opportunity to raise the claim." *Voneida v. Att'y Gen. Pennsylvania*, 738 F. App'x 735, 737 (3d Cir. 2018) ("*Voneida II*") (per curiam) (relying on *In re Dorsainvil*, 119 F.3d at 251).

On remand, the District Court held an evidentiary hearing to consider additional evidence relevant to Voneida's state of mind regarding the MySpace posts. After reviewing the entire record, the District Court determined that "reasonable jurors could readily" find that Voneida "acted with a purposeful or knowing mindset as required by *Elonis*." App. 137. Accordingly, the Court concluded that Voneida failed to make the requisite showing to establish actual innocence for the purposes of § 2241. Voneida appealed.

After the Supreme Court had heard argument in *Jones*, this Court held Voneida's appeal *curia advisari vult* pending the disposition of that case.

## II. Jurisdiction

The District Court exercised jurisdiction over Voneida's petition pursuant to 28 U.S.C. § 2241.[1] We have

---

[1] When the District Court ruled on Voneida's § 2241 petition, it properly exercised jurisdiction under then-controlling law. *See Voneida II*, 738 F. App'x at 737–38 (citing *In re Dorsainvil*, 119 F.3d at 251). As we make clear below, the

5

jurisdiction to review the District Court's ruling pursuant to 28 U.S.C. § 2253(a).

## III.  Standard of Review

We review the District Court's legal conclusions de novo. *Randolph v. Sec'y Pa. Dep't of Corr.*, 5 F.4th 362, 372 (3d Cir. 2021). We review the District Court's factual findings for clear error, though we review de novo "any factual inferences [that] it drew from the" record. *Id.*

## IV.  Discussion

Two statutes provide federal prisoners with avenues for seeking habeas corpus relief: 28 U.S.C. § 2255 and 28 U.S.C. § 2241. *Jones*, 143 S. Ct. at 1863. However, a federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241. *Id*. To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 *unless* the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Because § 2255(e) provides habeas petitioners with a route, however narrow it may be, for recourse under § 2241, it has been termed the "safety valve" or "saving clause." *See, e.g.*, *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020) (referring to § 2255(e) as the "safety valve"); *Cordaro v. United States*, 933 F.3d 232, 239 (3d Cir. 2019) (referring to § 2255(e) as the "saving clause").

---

District Court would not have jurisdiction over Voneida's § 2241 petition if it were filed in the first instance today.

6

Separately, § 2255(h) bars "second or successive" § 2255 motions unless the motion relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). *Jones*, 143 S. Ct. at 1863. The question presented in *Jones* was whether § 2255(h)'s limitation on second or successive motions makes § 2255 "inadequate or ineffective," such that a petitioner claiming that a change in statutory interpretation renders his conduct non-criminal could proceed with a claim under § 2241. *Id.*

Before *Jones*, whether the saving clause permitted a prisoner to challenge his detention on the grounds that a change in statutory interpretation arguably rendered the conduct underlying his conviction non-criminal was a question of significant debate in the courts of appeals. Two circuits held that an intervening change in statutory interpretation could not render § 2255 inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) (Gorsuch, J.); *McCarthan v. Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099–1100 (11th Cir. 2017) (en banc).

This Court took a different tack. In *In re Dorsainvil*, we held that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" can use § 2255(e) as "a safety valve" to bring a habeas claim under § 2241. 119 F.3d at 251–52; *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (describing the *In re Dorsainvil* exception).

Nine of our sister circuits agreed, holding that the saving clause permits a prisoner to challenge his detention when a change in statutory interpretation raises the potential that he

7

was convicted of conduct that the law does not make criminal, though they based their holdings on "widely divergent rationales." *Bruce*, 868 F.3d at 180 (citing *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001); *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012); *Brown v. Caraway*, 719 F.3d 583, 586–87 (7th Cir. 2013); *Abdullah v. Hedrick*, 392 F.3d 957, 963–64 (8th Cir. 2004); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002)).

The *Jones* decision resolved the circuit split. The Supreme Court held that § 2255(h)'s limitation on second or successive motions does not make § 2255 "inadequate or ineffective" such that a petitioner asserting a change in statutory law effected after his conviction was final and after his initial § 2255 motion was rejected should be able to proceed with a claim under § 2241. 143 S. Ct. at 1863. The Court reasoned that § 2255(h) "specifies the two circumstances under which a second or successive collateral attack on a federal sentence" via § 2241 "is available, and those circumstances do not include an intervening change in statutory interpretation." *Id.* at 1876.

We write precedentially to formally acknowledge what district courts in this circuit have already recognized: *Jones* abrogated *In re Dorsainvil*. *See, e.g.*, *Dixon v. Knight*, No. 23-cv-1764, 2023 WL 4366261, at *1 (D.N.J. July 6, 2023); *Zuniga v. Howard*, No. 20-cv-1214, 2023 WL 4306759, at *3 (M.D. Pa. June 30, 2023). The *In re Dorsainvil* exception

8

permitted recourse to § 2241 when, *inter alia*, a petitioner asserted a claim of "'actual innocence' *based on a change in statutory caselaw* that applies retroactively . . . on collateral review." *Bruce*, 868 F.3d at 180 (emphasis added). The holding of *Jones* is directly to the contrary: *Jones* makes clear that AEDPA enumerated "two—and only two— conditions in which a second or successive" collateral attack may proceed, 143 S. Ct. at 1868, and an intervening change in statutory interpretation is not among them. *See id.*; 28 U.S.C. § 2255(h).

Thus, *Jones* means that Voneida's appeal, which is explicitly and necessarily premised on the *In re Dorsainvil* exception, *see Voneida II*, 738 F. App'x at 736, must fail. After his conviction became final, Voneida filed several motions to vacate, amend, or correct his sentence under § 2255. Therefore, the § 2241 petition before us is a "second or successive" collateral attack within the meaning of § 2255(h). The legal basis for Voneida's petition is a change in statutory interpretation that he argues makes his conduct non-criminal. This is not one of the exceptions enumerated in § 2255(h). Because Voneida has not demonstrated that § 2255 is "inadequate or ineffective to test the legality of his detention," his appeal under § 2241 is barred by § 2255(e). *See Jones*, 143 S. Ct. at 1863, 1868.

Voneida's efforts to avoid this straightforward conclusion are unavailing. First, Voneida argues that he is no longer eligible to file a second or successive § 2255 motion because he is no longer on supervised release and therefore cannot satisfy the jurisdictional custody requirement of

9

§ 2255(a).[2] But Voneida's inability to bring a second or successive motion under § 2255 is of no moment: *Jones* roundly rejected the argument that § 2241 is available "whenever a prisoner is presently unable to file a § 2255 motion." 143 S. Ct. at 1870.

Second, Voneida argues that *Elonis* and *Counterman v. Colorado*, 600 U.S. 66 (2023)[3] establish that Voneida was convicted and sentenced under an erroneous mens rea standard and therefore he is actually innocent of violating 18 U.S.C. § 875(c). Voneida characterizes *Elonis* and *Counterman* as

---

[2] Although Voneida is no longer on supervised release, his release does not deprive us of jurisdiction as he satisfied the "in custody" requirement for his habeas petition when he filed his original petition in the District Court while on supervised release. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("conclud[ing] that under the statutory scheme, once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application"); *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993), *superseded on other grounds by rule*, 3d Cir. L.A.R. 31.3 (2002), *as recognized in United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (explaining that a person on supervised release is "still 'a prisoner in custody' within the meaning of § 2255").

[3] In *Counterman*, the Court held that the First Amendment requires proof of a subjective mindset in true-threats cases and that the appropriate mens rea standard is recklessness. 600 U.S. at 73.

10

new facts that raise sufficient doubt about his guilt such that this court must adjudicate his claim because the ends of justice so require. In other words, his argument is that *Elonis* and *Counterman* constitute a probable showing of innocence sufficient to excuse his procedural default under *Schlup v. Delo*, 513 U.S. 298 (1995).

But Voneida's reliance on *Elonis*, *Counterman*, and *Schlup* is misplaced. *Jones* makes clear that a second or successive motion is available only when one of the conditions articulated in § 2255(h) is satisfied, and an intervening change in statutory interpretation that would render the petitioner's conduct non-criminal is not among those conditions. 143 S. Ct. at 1876. Indeed, Justice Jackson dissented partly on the basis of her view that the majority was incorrect in holding that § 2255 does not permit second or successive collateral attacks when a petitioner asserts legal innocence on the basis of an intervening change in statutory interpretation. *See id.* at 1878 & n.1, 1882–85 (Jackson, J., dissenting). It would be very odd indeed to conclude that *Jones* permits recourse to § 2241 under such circumstances despite clear indication to the contrary in the majority opinion and a dissent that is partly premised on a contrary interpretation of the majority opinion. Thus, Voneida's arguments concerning innocence fail under *Jones*.

## V. Conclusion

For the reasons set forth above, the District Court's Order denying Voneida's § 2241 petition is vacated. We will remand with instructions to dismiss for lack of subject-matter jurisdiction.

11