**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3723
_____

JASON GRANT JONES,
                                        Appellant

v.

WARDEN SCHUYLKILL FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-01519)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2024
Before:  BIBAS, MATEY, and CHUNG, Circuit Judges.

(Opinion filed: March 6, 2024)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

In 2006, in the United States District Court for the Middle District of Tennessee, Jason Jones pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine. His sentence, 240 months in prison, was enhanced because he had a prior felony drug conviction. He took an unsuccessful appeal, see United States v. Jones, 296 F. App'x 473, 474 (6th Cir. 2008) (per curiam), and filed a motion pursuant to 28 U.S.C. § 2255 that was denied as untimely, see Jones v. United States, No. 3:10-0402, 2010 WL 3893835, at *4 (M.D. Tenn. Sept. 30, 2010).

In 2019, after further challenges not relevant here, and while confined in a federal prison in Pennsylvania, Jones filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. He argued that the sentence enhancement in his case was "null and void" because his prior conviction no longer qualified as a felony drug offense under Mathis v. United States, 579 U.S. 500 (2016), Descamps v. United States, 570 U.S. 254 (2013), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). ECF No. 1 at 6-7. He also contended that he "would receive a lower sentence today" in light of Amendment 782 to the United States Sentencing Guidelines. Id. at 7. The District Court dismissed his petition for lack of jurisdiction. Jones appealed.[1]

---

[1] His appeal was stayed pending a decision in Wilson v. Warden Canaan USP, C.A. No. 18-2154. After we decided that case and the mandate issued, the stay was lifted, and the parties were given an opportunity to address how the decision in Wilson affects this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jones sought to proceed under § 2241, but, under 28 U.S.C. § 2255(e), the District Court could not entertain a § 2241 petition from him unless "it . . . appear[ed] that the remedy by [§ 2255] motion [was] inadequate or ineffective to test the legality of [his] detention." While Jones' appeal was pending, the Supreme Court interpreted § 2255(e) (also known as the saving clause) in Jones v. Hendrix, 599 U.S. 465 (2023). The Supreme Court "established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 'inadequate or ineffective' such that a prisoner must pursue a remedy under § 2241."[3] Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023). Instead, "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478.

---

[2] Jones does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

[3] Section 2255(h) limits second or successive motions to those containing "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Because those unusual circumstances are absent from this collateral attack on a sentence, see Jones, 599 U.S. at 504 (J. Jackson, dissenting) (providing examples of such circumstances), Jones cannot bring his claims under § 2241. And, as Jones made clear, this is true even if he is unable to satisfy the conditions of § 2255(h) to bring his non-constitutional claims about his sentence based on changes in law that post-date the entry of the judgment in his case. See 599 U.S. at 480 ("The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."). To the extent that our pre-Jones precedent suggested otherwise, it has been abrogated by Jones. See Voneida, 88 F.4th at 237 (explaining that Jones abrogated In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), which held that, under the saving clause, a § 2241 petition could proceed if "a prisoner . . . had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

For these reasons, the District Court properly dismissed Jones' petition for lack of jurisdiction, and we will affirm the District Court's judgment.[4]

---

[4] We note that this outcome is consistent with our ruling in Wilson. See C.A. No. 18-2154, judgment order entered on Nov. 15, 2023.