**ALD-071**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2776
_____

NICHOLAS FATIGA,
                                     Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-01934)
District Judge: Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal as Moot or Dismissal Pursuant to 28 U.S.C.
§ 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2024

Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: March 18, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

        In 2011, in the United States District Court for the Eastern District of

Pennsylvania, Nicolas Fatiga pleaded guilty to conspiracy to distribute five kilograms of

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cocaine. His sentence of 162 months' imprisonment (followed by a term of 10 years of supervision) resulted from, among other things, the sentencing court's determination that Fatiga qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines because of his prior drug trafficking offenses.[1] He did not challenge the judgment on appeal or by 28 U.S.C. § 2255 motion.

In 2019, while he was incarcerated at FCI Fairton, Fatiga filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. He asserted that § 2255 was inadequate or ineffective to bring his claim that, under Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013), his prior convictions no longer supported his career offender designation. The District Court dismissed his petition for lack of jurisdiction. Fatiga appealed.[2]

Because Fatiga was released from prison during the pendency of this appeal, Appellee presses us to dismiss this appeal as moot. However, this case is not moot because Fatiga is still serving his term of supervised release (as Appellee is aware, see 3d Cir. Doc. No. 15-2 (Bureau of Prisons record submitted in support of Appellee's letter suggesting mootness)). See United States v. Jackson, 523 F.3d 234, 241, 242 (3d Cir.

---

[1] His term of supervision has since been reduced by 12 months because of his successful completion of the United States Probation Office's Relapse Prevention Court. See E.D. Pa. Crim. No. 5:10-cr-00052-JFL-8, ECF No. 495.

[2] His appeal was stayed pending a decision in Wilson v. Warden Canaan USP, C.A. No. 18-2154. After we decided that case and the mandate issued, the stay was lifted, and the parties were given an opportunity to address how the decision in Wilson affects this appeal.

2

2008) ("A defendant enjoys a presumption of collateral consequences when he challenges his criminal conviction . . . while he is serving a term of parole, probation or supervised release."); see also Spencer v. Kemna, 523 U.S. 1, 7–8 (1998). Appellee's bald assertion that "[t]here are no collateral consequences remaining," 3d Cir. Doc. No. 15-1 at 2, does not rebut the presumption of collateral consequences that Appellee did not acknowledge, see id. at 1-2; see also 3d Cir. Doc. No. 19 at 2.

We have jurisdiction under 28 U.S.C. § 1291.[3] We exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Upon review, we will summarily affirm the District Court's judgment because no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Fatiga, apparently believing that he faced a procedural or other obstacle to § 2255 relief, instead sought to proceed under § 2241. However, as he recognized, under 28 U.S.C. § 2255(e), the District Court could not entertain a § 2241 petition from him unless "it . . . appear[ed] that the remedy by [§ 2255] motion [was] inadequate or ineffective to test the legality of [his] detention."

While Fatiga's appeal was pending, the Supreme Court interpreted § 2255(e) (also

---

[3] Fatiga does not need to obtain a certificate of appealability to proceed with this appeal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

3

known as the saving clause) in Jones v. Hendrix, 599 U.S. 465 (2023). The Court clarified that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones, 599 U.S. at 478.

Because those unusual circumstances are absent from this collateral attack on a sentence, see Jones, 599 U.S. at 504 (J. Jackson, dissenting) (providing examples of such circumstances), Fatiga cannot bring his claims under § 2241. And this is true even if he faces procedural or other obstacles to bringing his claim in a first § 2255 motion. See Cradle, 290 F.3d at 539; cf. Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (explaining that Jones "established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 'inadequate or ineffective' such that a prisoner must pursue a remedy under § 2241").

For these reasons, the District Court properly dismissed Fatiga's petition for lack of jurisdiction, and we will affirm the District Court's judgment.[4]

---

[4] We note that this outcome is consistent with our ruling in Wilson. See C.A. No. 18-2154, judgment order entered on Nov. 15, 2023.

4