**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1345
_____

WILLIAM J. CHAFFIN, JR.,
                              Appellant

v.

WARDEN OF ALLENWOOD FCI MEDIUM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-22-cv-01242)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 18, 2024

Before:  BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion: May 2, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

William J. Chaffin, Jr., a federal prisoner who is proceeding pro se, appeals from an order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Government has moved for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

Chaffin pleaded guilty to charges involving cocaine distribution in 2017. He was deemed to be a career offender under the United States Sentencing Guidelines, and was sentenced to 180 months of imprisonment. He did not challenge the judgment on appeal or in a motion under 28 U.S.C. § 2255.

In 2022, Chaffin, who was confined at FCI Allenwood, filed a petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania. He argued that his "prior convictions do not qualify him as a career offender" under Mathis v. United States, 579 U.S. 500 (2016), and Descamps v. United States, 570 U.S. 254 (2013). (ECF 1, at 6 of 10.) The District Court dismissed the § 2241 petition for lack of jurisdiction. Chaffin appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of Chaffin's § 2241 petition, we exercise plenary review over its legal conclusions and review any factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm

---

[1] Chaffin did not file his notice of appeal within 60 days of the entry of the District Court's order, as he was required to do under Federal Rule of Appellate Procedure 4(a)(1)(B). But this appeal is nevertheless timely because the District Court subsequently granted Chaffin's request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Chaffin instead sought to proceed under § 2241. But, under 28 U.S.C. § 2255(e) (also known as the saving clause), the District Court could not entertain his § 2241 petition unless "it . . . appear[ed] that the remedy by [§ 2255] motion [was] inadequate or ineffective to test the legality of [his] detention." While Chaffin's appeal was pending, the Supreme Court clarified that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023). Those unusual circumstances are absent from Chaffin's collateral attack on his sentence. Id. at 504 (Jackson, J., dissenting) (providing examples of such circumstances). Therefore, Chaffin cannot bring his claims under § 2241. And this is true even if he faces procedural or other obstacles to bringing his claim in a first § 2255 motion. See Cradle, 290 F.3d at 539; cf. Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023) (explaining that Jones "established that the limitations on second or successive motions set forth in 28 U.S.C. § 2255(h) do not make § 2255 'inadequate or ineffective' such that a prisoner must pursue a remedy under § 2241").

For these reasons, the District Court properly dismissed Chaffin's § 2241 petition for lack of jurisdiction. Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.