DLD-118                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-1181 & 24-1182
_____

KENNETH R. REID,
                                        Appellant

v.

WARDEN GARZA, USP-Canaan
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action Nos. 1-23-cv-01559 & 1-23-cv-02134)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 9, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed June 7, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Kenneth R. Reid, proceeding in forma pauperis, appeals the District Court's judgments dismissing his two 28 U.S.C. § 2241 petitions for lack of jurisdiction. Since Reid's appeals do not present a substantial question, we will summarily affirm.

Reid was convicted and sentenced in the U.S. District Court for the District of South Carolina for conspiracy to distribute cocaine base, murder through the use of a firearm in the course of a drug trafficking crime, and two counts of unlawful possession of a firearm. He was sentenced to life imprisonment for the murder charge, 240 months in prison for the drug conspiracy charge, and 120 months in prison each for the two firearm charges, all to be served concurrently. In 2010, Reid filed a motion with the sentencing court seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and it was denied on the merits. See United States v. Reid, No. 0:04-353, 2010 WL 3724663 (D.S.C. Sept. 17, 2010) (containing opinion and order dismissing with prejudice Reid's § 2255 motion), reconsideration denied, 2011 WL 285867 (Jan. 27, 2011), appeal dismissed, 419 F. App'x 310 (4th Cir. 2011) (per curiam); see also United States v. Reid, 678 F. App'x 148 (4th Cir. 2017) (per curiam) (dismissing appeal for lack of jurisdiction and as untimely filed).

As the District Court noted, Reid filed several other motions that were all dismissed for lack of jurisdiction as unauthorized successive § 2255 motions. He also filed a number of § 2241 petitions seeking habeas relief under § 2255(e) that were also denied.

2

Turning to the instant proceedings, in Case No. 1-23-cv-01559, Reid presented an actual innocence claim in his § 2241 petition ("the 01559 petition") premised on retroactivity and the Fair Sentencing Act of 2010. He alleged that he was innocent of conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine, all in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B). He alleged that under new modifications to these laws, the threshold for guilt relates to 280 grams, rather than 50 grams. In the 01559 petition, Reid also briefly presented an actual innocence argument with respect to his convictions under 18 U.S.C. § 922(g)(3) for unlawful possession of a firearm.

In his second petition, which opened Case No. 1-23-cv-02134 ("the 02134 petition"), Reid expanded on his argument related to the firearm convictions. He argued that the Supreme Court's holding in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), invalidated his convictions and rendered him innocent of the § 922(g)(3) charges.

The District Court dismissed Reid's 01559 and 02134 petitions for lack of jurisdiction. This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over a district court's legal conclusions, and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)

---

[1] Reid does not need to obtain a COA to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

3

(per curiam). We may summarily affirm the District Court's judgment if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

A § 2255 motion is the standard means by which a federal prisoner can collaterally attack the legality of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may proceed under § 2241 only if he demonstrates that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, the Supreme Court has ruled that this language—often referred to as § 2255's "saving clause"—operates only (1) "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," or (2) where the litigant is asserting a "challenge[] to detention other than [a] collateral attack[] on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Returning to the cases at hand, the Supreme Court's ruling in Jones negated the underpinnings of Reid's claims. Reid's petitions were both premised on the saving clause of § 2255(e). To the extent that Reid sought relief under Bruen, he presented this same argument in two 28 U.S.C. § 2244 motions before the Fourth Circuit seeking permission to file second or successive § 2255 applications, both of which were denied. See In re Kenneth Roshaun Reid, No. 23-287 (4th Cir. Dec. 13, 2023); In re Kenneth Roshaun Reid, No. 24-122 (4th Cir. Apr. 2, 2024).

In short, in both his 01559 and 02134 petitions, Reid failed to demonstrate that § 2255 was "inadequate or ineffective to test the legality of his detention" under either of the two specific circumstances discussed by the Supreme Court. See Jones, 599 U.S. at 478. The District Court therefore properly dismissed them for lack of jurisdiction. See

4

Voneida v. Johnson, 88 F.4th 233, 239 (3d Cir. 2023) (remanding with instructions to dismiss § 2241 petition for lack of jurisdiction in view of Jones). His appeals do not present a substantial question, and accordingly we will summarily affirm the judgments of the District Court. Reid's motion to order the District Court to properly respond to his actual innocence claims is likewise denied, as are his motions pursuant to 28 U.S.C. § 2241(c)(3).