CLD-131                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1367
_____

KENNETH R. REID,
                              Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-01650)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 30, 2024
Before: KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 21, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Kenneth R. Reid is currently serving a life sentence for his 2006 convictions in the U.S. District Court for the District of South Carolina.[1]  After the Court of Appeals affirmed that judgment, see United States v. Reid, 523 F.3d 310, 318 (4th Cir. 2008), he moved the District Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The District Court denied that motion on the merits, and the Court of Appeals denied his request for a certificate of appealability.  See United States v. Reid, 419 F. App'x 310 (4th Cir. 2011) (per curiam) (not precedential).  Reid has since filed a number of unauthorized second or successive § 2255 motions, each of which was dismissed for lack of jurisdiction, and several § 2241 petitions attempting to collaterally attack his conviction and sentence, which were likewise unsuccessful.

In October 2023, Reid filed a § 2241 petition in the U.S. District Court for the Middle District of Pennsylvania seeking relief under the "saving clause" of § 2255.  He asserted that he is actually innocent of his murder conviction in light of the Supreme Court's decision in United States v. Taylor, which resolved a question of statutory interpretation as to whether attempted Hobbs Act robbery qualifies as a "crime of

---

[1] Reid was convicted of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846, murder through the use of a firearm in the course of a drug trafficking crime, in violation of 18 U.S.C. § 924(j), and two counts of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).  He was sentenced to life imprisonment for the murder conviction, 240 months in prison for the drug conspiracy conviction, and 120 months in prison each for the two firearms convictions, all to be served concurrently.

violence" under 18 U.S.C. § 924(c)(3)(A). 596 U.S. 845, 851 (2022). The District Court dismissed the petition for lack of jurisdiction. Reid appealed.[2]

We will summarily affirm the District Court's order because this appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6. A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the legality of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may instead proceed under § 2241 only if he demonstrates that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective" under § 2255(e) only (1) "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court," or (2) where the litigant is asserting a "challenge[] to detention other than [a] collateral attack[] on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023).

The District Court properly dismissed Reid's § 2241 petition for lack of jurisdiction because it is based on an intervening change in statutory interpretation, not

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Reid does not need a certificate of appealabilty to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264–65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

3

one of the two situations described in <u>Jones</u>.  <u>See</u> <u>Voneida v. Johnson</u>, 88 F.4th 233, 239 (3d Cir. 2023) (remanding with instructions to dismiss § 2241 petition based on change in statutory interpretation for lack of jurisdiction because, in view of <u>Jones</u>, petitioner had no recourse under § 2241).  Accordingly, we will summarily affirm.