**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3240
_____

JEFFREY HOLLAND,
                                        Appellant

v.

WARDEN CANAAN USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cv-01301)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2024

Before: KRAUSE, BIBAS, and AMBRO, *Circuit Judges*

(Filed:  October 17, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Jeffrey Holland comes before us again after the remand of his last petition pursuant to 28 U.S.C. § 2241. But between his last appeal and this one, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), depriving us of jurisdiction over a petition in this posture. We will therefore remand with instructions to dismiss.

## I.    DISCUSSION[1]

When Holland last appeared before us in 2021, our then-existing precedent interpreted the savings clause in 28 U.S.C. § 2255(e) to preserve access to § 2241 petitions in circumstances like his, in which a prisoner (a) had already filed a § 2255 petition, (b) did not fit the statutory criteria that would permit him to file another, and (c) sought to benefit from an intervening statutory decision (in Holland's case, *Watson v. United States*, 552 U.S. 74 (2007)) that rendered his conduct non-criminal. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 2002), *abrogated by Jones*, 599 U.S. at 477, *as recognized in Voneida v. Johnson*, 88 F.4th 233, 235 (3d Cir. 2023).

In *Jones*, however, the Supreme Court abrogated that precedent and held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive §

---

[1] On appeal of a district court's dismissal of a § 2241 petition, we review legal conclusions *de novo* and factual findings for clear error. *See Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

2255 motions by filing a § 2241 petition." 599 U.S. at 471. Thus, *Jones* requires the dismissal of Holland's petition viewed as a § 2241 petition.

Recognizing as much, Holland requests, instead, that "the Court construe [his] Petition as a § 2255 motion," arguing that the revised criminal history calculation that would apply under *Watson* and evidence about a co-conspirator's criminal history constitute "newly discovered evidence," permitting him to meet the criteria of § 2255(h) and proceed with a second petition. Reply Br. 13–14. But Holland makes this argument for the first time in his Reply Brief, and "it is well-settled in this court that 'an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.'" *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 286 n.17 (3d Cir. 2006) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)); *see also* Fed. R. App. P. 28(a)(5); L.A.R. 28.1(a)(1).

True, the waiver rule is "one of discretion rather than jurisdiction," *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 834 (3d Cir. 2011), and we may excuse the omission considering "whether there is some excuse for the failure to raise the issue in the opening brief; how far the opposing party would be prejudiced; and whether failing to consider the argument would lead to a miscarriage of justice or undermine confidence in the judicial system," *United States v. Albertson*, 645 F.3d 191, 195 (3d Cir. 2011) (quoting *In re Kane*, 254 F.3d 325, 331 (1st Cir. 2001)). Here however, even assuming the second factor cuts in Holland's favor because the Government would not be significantly prejudiced, the other two factors cut against him.

3

As to the first, Holland does not identify, and the record does not suggest, any excuse for the failure to raise the issue. *See id.* (observing that if the "basis" for a certain argument "already exist[s]" at the time the opening brief is filed, this factor "does not cut against waiver"). And, as to the third, declining to excuse the waiver would not appear to make any difference to Holland's sentence, let alone constitute a "miscarriage of justice," because the sentence at issue in this petition is concurrent to two consecutive and unchallenged life sentences. *Id.*

In sum, Holland's petition is properly considered a § 2241 petition and, as such, must be dismissed under *Jones*. *See Voneida,* 88 F.4th at 235.

## II.    CONCLUSION

For the foregoing reasons, we will vacate and remand with instructions that Holland's petition be dismissed.

4