DLD-156                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 25-1426 & 25-1427
_____

ERIC BARTOLI,
                    Appellant

v.

DIRECTOR FEDERAL BUREAU OF PRISONS; WARDEN LORETTO FCI
_____

ERIC BARTOLI,
                    Appellant

v.

WARDEN LORETTO FCI
_____

On Appeals from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 3:23-cv-00204 & 3:23-cv-00057)
Magistrate Judge: Honorable Patricia L. Dodge
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2025

Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 10, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

PER CURIAM

Pro se Appellant Eric Bartoli appeals from District Court orders dismissing his two petitions for writ of habeas corpus that he filed pursuant to 28 U.S.C. § 2241. We will affirm.

I

Bartoli fled to Peru after a grand jury indicted him for crimes related to his running a Ponzi scheme. Years later, he was arrested and extradited to face those charges in the United States District Court for the Northern District of Ohio. He pled guilty in that Court to charges related to that Ponzi scheme. Bartoli received a sentence of 20 years' imprisonment and was ordered to pay $42 million in restitution. Bartoli's direct appeal proved unsuccessful. See United States v. Bartoli, 728 F. App'x 424 (6th Cir. 2018), cert. denied, Bartoli v. United States, 587 U.S. 925 (2019).

Bartoli then sought collateral relief by filing a motion pursuant to 28 U.S.C § 2255 See United States v. Bartoli, C.A. No. 23-3983, 2024 WL 4987352, at *1-2 (6th Cir. Dec. 5, 2024) (discussing Bartoli's collateral proceedings). While Bartoli's § 2255 proceedings were pending, he filed two § 2241 habeas corpus petitions in the Western District of Pennsylvania (where he was incarcerated) in April 2023 and September 2023. In his April 2023 petition, Bartoli argued that his extradition to the United States from Peru

_____

constitute binding precedent.

2

prior to his conviction was illegal and violated the Ex Post Facto Clause, and that trial counsel's failure to raise this issue constituted ineffective assistance. In his September 2023 petition, Bartoli challenged the validity of his sentence pursuant to the Double Jeopardy and Due Process Clauses as well as the Eighth Amendment.

On February 25, 2025, the District Court[1] dismissed both petitions for lack of jurisdiction. Bartoli appealed. This Court notified the parties that these appeals, which have since been consolidated, might be subject to summary action. Appellees filed responses to that notification. Bartoli did not.

## II

We have jurisdiction under 28 U.S.C. § 1291. In reviewing the District Court's dismissals of Bartoli's § 2241 habeas corpus petitions, we exercise plenary review over its legal conclusions and review findings of fact for clear error. See O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005) (per curiam). We may summarily affirm the District Court's decisions if the appeals fail to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III

Section 2241 gives a District Court jurisdiction over "the petition of a federal prisoner who is [attacking] not the validity but the execution of his sentence." Cardona v.

---

[1] The parties consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) in both cases.

Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Here, however, Bartoli challenged not the execution of his sentence by the Federal Bureau of Prisons, but, instead, his underlying criminal conviction and sentence in his § 2241 habeas corpus petitions.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The District Court could not entertain Bartoli's § 2241 petitions unless "it . . . appear[ed] that the remedy by [§ 2255] motion [was] inadequate or ineffective to test the legality of [his] detention." 28 U.S.C. § 2255(e). Section 2255 is only "inadequate or ineffective" if "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court[.]" Jones v. Hendrix, 599 U.S. 465, 478 (2023).

Because such circumstances are absent here, see Jones, 599 U.S. at 504 (J. Jackson, dissenting) (providing examples of such circumstances), he cannot bring his claims under § 2241. This is true even if he is barred by the restrictions imposed by § 2255(h) on filing another § 2255 motion. See Jones, 599 U.S. at 480 ("The inability of a prisoner . . . to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); Voneida v. Johnson, 88 F.4th 233, 235 (3d Cir. 2023).

IV

4

As there is no doubt that the District Court correctly dismissed Bartoli's § 2241 petitions for lack of jurisdiction, we will summarily affirm the judgments of the District Court.